**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **CHERYL REASE,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | **FILE NO. 1:11-cv-03513-RLV** |
| **MHM CORRECTIONAL SERVICES, INC.,** | § | |
| **WILLIAM BRICKHOUSE, Ph.D.,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW, CHERYL L. REASE, Plaintiff in the above styled action and states her claim against the Defendants as follows:**

**I. The Parties**

**1.**

**That the Defendant MHM Correctional Services Inc. (herein after MHM) is a duly licensed corporation actively doing business in the state of Georgia and subject to the jurisdiction of this Court, personal service may be perfected upon the Defendant through its registered agent for service that being CT Corporate Systems, 1201 Peachtree Street, Atlanta, Georgia 30361.**

**2.**

**The Defendant William Brickhouse, was at all time referred to herein, a director of MHM's programs, personal service may be perfected upon this Defendant through MHM's offices located at 4425 Memorial Drive Third Floor, Decatur, Georgia, 30032.**

**3.**

**That the Plaintiff is employed by MHM to work at the facilities located at Memorial Drive, Decatur, Georgia.**

**II. JURISDICTION AND VENUE**

**4.**

**All actions that forms the basis for the Plaintiff's complaint took place within the northern district of the State of Georgia. Therefore, this honorable court has venue jurisdiction.**

**5.**

**Plaintiff's complaint alleges violations of the Fair Labor Standards Act of 1938, as amended (28 U.S.C. § 201, et seq) and of Title VII, therefore this honorable court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.**

**III. Statement of the Facts Giving Rise to Plaintiff's Complaints**

**6.**

**The Plaintiff began her employment on October 24, 2006, and she was employed as a staff nurse.**

**7.**

**That the Plaintiff performed her duties as a member of the nursing staff for several years in a highly efficient and competent manner.**

**8.**

**That in October of 2009 there was a distinct shift in the attitude and working conditions under the direction of Defendant Brickhouse.**

**9.**

**The Plaintiff was suddenly being written up for questionable time card infractions and other alleged violations of company policy.**

**10.**

**The MHM facility that Plaintiff worked at is the DeKalb County Jail, within the county jail MHM has a section for mental health care and treatment.**

**11.**

**That the Plaintiff was required to work several nights, by herself, dealing with potentially dangerous inmates.**

**12.**

**That on occasion because of the circumstances the Plaintiff would stay over at the end her shift and assist the oncoming nurse since both the employees were forced to work by themselves.**

**13.**

**That when Plaintiff would assist the other nurse, she was written up for time card infractions.**

**14.**

**That Plaintiff was subjected to a hostile work environment by Defendant Brickhouse.**

**15.**

**That Defendant Brickhouse, would make fun of the Plaintiff in front of other employees, and make defamatory remarks about her professionalism and her ability to act**

**as a nurse.**

**16.**

**That at the express direction of Defendant Brickhouse the Plaintiff was denied lunch breaks, in violation of the company policy and federal law.**

**17.**

**That on October 2, 2009, the Plaintiff was given a negative performance evaluation by the Defendant.**

**18.**

**That the negative performance evaluation was not a truthful and accurate evaluation, and was used to embarrass and humiliate the Plaintiff.**

**19.**

**That when Plaintiff complained of the hostile work environment to the Chief Executive Officer for MHM, and the Regional Vice President for MHM, Plaintiff received verbal warnings.**

**20.**

**That while complaining of the Plaintiff's alleged time card irregularities, the Defendants would arbitrarily eliminate without payment, any over time hours that they "felt were not justified."**

**21.**

**That Plaintiff was subjected to threats from Defendant Brickhouse that he would take her professional license if she continued "fraudulent" behavior.**

**22.**

**That Defendant, Brickhouse did not identify what was considered fraudulent behavior, and Plaintiff has not participated in any fraud whatsoever.**

**23.**

**That Defendant Brickhouse scheduled the Plaintiff to work a one on one situation with a known violent inmate, who had already expressed an intent to harm either the Plaintiff or one of the other MHM employees.**

**24.**

**That when confronted with the known danger Defendant Brickhouse refused to change the schedule, or assign another person to act as security, and forced the Plaintiff to work in a highly dangerous situation.**

**25.**

**That Defendant Brickhouse, and other associates of his, would on an almost daily basis make fun of the Plaintiff in unflattering and insulting manners.**

**26.**

**That Defendant Brickhouse repeatedly made statements to the other employees that Plaintiff was not competent to do her job, or implied that Plaintiff was not mentally stable to do her job.**

**27.**

**That the actions of Defendant Brickhouse were made known to the corporation, MHM, the corporation CEO and the Regional Vice President.**

**28.**

**That the Defendant MHM refused to take any action to stop the harassment and intimidation by Defendant Brickhouse.**

**29.**

**That the Defendant MHM condoned and ratified Defendant Brickhouse's conduct.**

**30.**

**That Brickhouse's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, for which Plaintiff is entitled to an award of Punitive damages.**

**31.**

**Defendant Brickhouse's actions were wilful and malicious and done with a conscious desire to harm the Plaintiff and/or to injure the Plaintiff's professional reputation.**

**32.**

**That as a direct and proximate result of Defendant Brickhouse's actions, the Plaintiff has suffered damages to her professional reputation and been forced to suffer great amounts of emotional stress, trauma, and injury.**

**33.**

**That the actions of the Defendants are wilful, wanton, and malicious and conducted in bad faith so as to entitle the Plaintiff to an award of attorney's fees and expenses of litigation.**

**34.**

**The Plaintiff, in an effort to stop the harassment, filed a complaint with the EEOC.**

**35.**

**Rather than stopping the harassment, the Defendants increased the harassment and discrimination.**

**36.**

**The Defendants subjected the Plaintiff to selective job assignments and discipline.**

**37.**

**As part of the harassment, Plaintiff would be denied her normal schedule rotation and forced to change her schedule in order to accommodate other employee's vacation and leave requests. However, Plaintiff was denied her own leave or vacation requests.**

**38.**

**The Plaintiff was subjected to unfair and humiliating disciplinary actions by Defendant Brickhauser.**

**39.**

**The Plaintiff was forced to cancel part of her approved vacation and report to work sooner than scheduled because Brickhauser changed Plaintiff's work schedule while she was on the approved vacation.**

**40.**

**The actions of Brickhauser constitute an on going pattern of harassment since the filing of the original EEOC complaint.**

**41.**

**The EEOC failed to complete its investigation within the six months set in the statute.**

**42.**

**Plaintiff filed a harassment complaint with the EEOC.**

**43.**

**The EEOC closed Plaintiff's original complaint on Oct. 3, 2011, and issued the Dismissal and Notice of Rights form. (Copy attached marked Exhibit "A")**

**44.**

**The EEOC closed Plaintiff's harassment complaint on Oct. 3, 2011, and issued the Dismissal and Notice of Rights form. (Copy attached marked Exhibit "B")**

**Count I**

**45.**

**Plaintiff re-alleges and incorporates into Count I all of the preceding numbered paragraphs, that being paragraphs 1-44.**

**46.**

**That the Defendants have wilfully and maliciously refused to pay Plaintiff for overtime hours in violation of 29 USC § 201, et seq.**

**47.**

**That as a direct and proximate results of the actions of the Defendant, the Plaintiff has been deprived of her wages and overtime pay.**

**48.**

**That Plaintiff is entitled to receive not only the compensation for the overtime hours worked, but also the penalties and interest.**

**49.**

**That Brickhouse's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, for which Plaintiff is entitled to an award of Punitive damages.**

**50.**

**That the actions of the Defendants are wilful, wanton, and malicious and conducted in bad faith so as to entitle the Plaintiff to an award of attorney's fees and expenses of litigation.**

**Count II,**

**51.**

**Plaintiff realleges and incorporates in Count II the preceding numbered paragraphs 1 though 44.**

**52.**

**The false statements and charges made by Brickhouse were intentionally made to injure the Plaintiff in her chosen profession.**

**53.**

**The false statements by Brickhause constitutes defamation pre se.**

**54.**

**That as a direct and proximate result of Brickhouse's action, Plaintiff has suffered**

**damages.**

**55.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, therefore, Plaintiff is entitled to punitive damages.**

**56.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, therefore, Plaintiff is entitled to attorney fees and expenses of litigation.**

**Count 111**

**57.**

**Plaintiff realleges and incorporates in Count III the preceding numbered paragraphs 1 though 44.**

**58.**

**Plaintiff's right to file a complaint with the EEOC is a protected right.**

**59.**

**Defendants took actions to punish the Plaintiff for exercising her right to file the EEOC complaint.**

**60.**

**Defendants actions constitute harassment and intimidation.**

**61.**

**That as a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.**

**62.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, therefore, Plaintiff is entitled to punitive damages.**

**63.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, therefore, Plaintiff is entitled to attorney fees and expenses of litigation.**

**Count IV**

**64.**

**Plaintiff realleges and incorporates in Count IV the preceding numbered paragraphs 1 though 44.**

**65.**

**The actions of Defendants were intentionally designed to cause emotional damage to the Plaintiff.**

**66.**

**The actions of Defendants did cause Plaintiff emotional damage, public embarrassment and mental anguish.**

**67.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious disregard for the consequences, therefore, Plaintiff is entitled to punitive damages.**

**68.**

**The Defendant's conduct was wilful, wanton, and malicious, done in a conscious**

**disregard for the consequences, therefore, Plaintiff is entitled to attorney fees and expenses of litigation.**

**Wherefore Plaintiff prays:**

**A. That she be awarded judgment against the Defendant jointly and/or severable;**

**B. That she be awarded compensatory damages in such amount as a jury may determine but not less than One Hundred Thousand Dollars ($100,000.00);**

**C. That she be awarded damages for overtime pay not received;**

**D. That she be awarded statutory penalties for violation of the wage and hour laws;**

**E. That she be awarded punitive damages in such amount as a jury may determine but not less than One Hundred Thousand Dollars ($100,000.00);**

**F. That she be awarded reasonable attorney's fees and cost for having to prosecute this action.**

**This 28 th day of November, 2011.**

**Respectfully Submitted,**

**S/ Clifford H. Hardwick**
**Clifford H. Hardwick**
**Attorney For Plaintiff**
**Georgia Bar No. 325675**

**11205 Alpharetta Highway**
**Suite E-1**
**Roswell, Georgia 30076**

**(770) 772-4700**

**CERTIFICATE OF SERVICE**

**This is to certify that I have this day submitted the foregoing *Plaintiff's First Amended Complaint* to the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:**

**Nathan J. Allen, Esq.**
**3344 Peachtree Road NE**
**Suite 1500**
**Atlanta, Georgia 30326-4803**

**This the 29 th day of November, 2011.**

**S/ Clifford H. Hardwick**