**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHERYL REASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) 1:11-CV-03513-RLV |
| MHM CORRECTIONAL SERVICES | ) |
| INC. AND WILLIAM | ) |
| BRICKHOUSE, Ph.D., an individual, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL**

Defendants MHM Correctional Services, Inc. ("MHM") and William Brickhouse, Ph.D. ("Dr. Brickhouse") (collectively "Defendants"), through their undersigned counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Civil Local Rules for the Northern District of Georgia respectfully move for an Order compelling Plaintiff Cheryl Rease ("Plaintiff" or "Rease") to respond to Defendants' interrogatories and produce certain documents. The actions of Plaintiff since this Court lifted the stay on discovery have been nothing short of dilatory and have prejudiced Defendants in adequately preparing their defense. Based upon the misconduct of Plaintiff in discovery thus far, as well as the fact that Plaintiff's counsel month-long leave of

1

absence has effectively deprived Defendants of a full month of the four-month discovery period, Defendants respectfully request this Court order Plaintiff to fully respond to Defendants' interrogatories and produce certain documents.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initially filed suit in state court on September 7, 2011. (Dkt. 1). Defendants removed the case to federal court on October 14, 2011. *Id.* A week later Defendants then filed their motion to dismiss Plaintiff's Complaint in its entirety for failure to state a claim on October 21, 2011. (Dkt. 2). Plaintiff then sought to amend her Complaint on November 29, 2011 and bring claims for alleged unpaid overtime pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), defamation, and intentional infliction of emotional distress against Defendants. (Dkt. 4).

While these motions were pending, MHM served its First Interrogatories to Plaintiff ("Interrogatories") and First Request for Production of Documents to Plaintiff ("Document Requests") on December 23, 2011. *See* Exhibit A, Defendant MHM Correctional Services, Inc.'s First Interrogatories to Plaintiff; Exhibit B, Defendant MHM Correctional Services, Inc.'s First Request for

Production of Documents to Plaintiff.[1]  Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's responses to those discovery requests were due to be served by January 25, 2012.

After Defendants timely filed their Answer and Affirmative Defenses, this Court ordered the parties to mediation and stayed all deadlines, including discovery, during that period. (Dkt. 23). On March 29, 2012, having reached no resolution in mediation, the parties submitted their Joint Status Report conceding as much and requested that discovery commence on April 1, 2012. (Dkt. 26). That same day, defense counsel also requested that Plaintiff provide her discovery responses by April 13, 2012. *See* Exhibit C, March 29, 2012 Letter from Natasha L. Wilson to Clifford H. Hardwick. This Court then lifted the stay on discovery, and discovery commenced on April 1, 2012. (Dkt. 28).

Plaintiff thereafter began a series of delays in the discovery process that have slowed the litigation and hindered Defendants in adequately preparing their defense. Plaintiff's counsel agreed on April 2, 2012 that "in a good faith effort to move this case along, we will respond to [Defendant's] discovery in a timely

---

[1] To the extent Local Rule 37.1(A)(2) requires Defendants to "[q]uote verbatim each disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which objection is taken," Defendants hereby incorporate by reference their complete discovery requests attached as Exhibits A and B.

3

fashion." *See* Exhibit D, April 2, 2012 Letter from Clifford H. Hardwick to Natasha L. Wilson. A month later, Plaintiff's counsel then requested an extension to respond to Defendants' discovery requests until May 11, 2012. *See* Exhibit E, May 2, 2012 Letter from Clifford H. Hardwick to Natasha L. Wilson. Despite defense counsel cordially agreeing to this extension, Plaintiff did not actually mail those responses until May 18, 2012. *See* Exhibit F, Plaintiff's Responses to Defendants' Discovery Requests and Copy of Envelope Enclosing Discovery Responses. More alarming is the fact that defense counsel did not actually receive the responses until May 23, 2012. *See* Exhibit G, May 25, 2012 Good Faith Discovery Letter From Natasha L. Wilson to Clifford H. Hardwick.

In sum, Plaintiff's "responses" amount to nothing more than representations of documents that were not produced, meritless objections, and an overall failure to respond to the requests as instructed. As discussed in greater detail below, Plaintiff lists documents and refers Defendants to those documents without actually producing any document referred.[2] Plaintiff also fails to respond to several discovery requests as instructed but instead counters with her own thoughts and speculation. Finally, Plaintiff raises invalid and frivolous objections in an attempt

---

[2] In fact, as of the filing of this Motion, Plaintiff has yet to produce a **single** document.

4

to avoid fulfilling her discovery obligations under the Federal Rules of Civil Procedure.

Defense counsel has since made numerous attempts to resolve Plaintiff's discovery deficiencies amicably and without Court intervention. On May 25, 2012, defense counsel attempted to resolve these issues by sending Plaintiff's counsel a good faith letter identifying specific deficiencies in Plaintiff's responses and requesting that Plaintiff supplement her deficient responses no later than June 1, 2012.[3] *See id.* Plaintiff's counsel has failed to respond to the good faith letter and instead merely suggested that the parties seek a joint motion to extend discovery. *See* Exhibit H, June 7, 2012, 7:04 p.m. Email Chain Re: Cheryl Rease v. MHM - follow up to 5/25/12 Good Faith Discovery Letter. Plaintiff's counsel also seeks an extension given his Leave of Absence from June 4th through June 30th to attend continuing legal education classes ("CLE") outside the state of Georgia. (Dkt. 27).

---

[3] In that same letter, defense counsel also enclosed a medical authorization form and request for copy of tax return to be executed by Plaintiff. To prepare their defense against certain claims asserted and damages requested by Plaintiff, Defendants sought Plaintiff's medical records and tax returns. Despite having requested that Plaintiff execute those items twice on December 23, 2011 and May 16, 2012 to no avail, defense counsel again enclosed the two documents and requested execution of the same. To date, Plaintiff has yet to execute either the medical authorization form or the request for copy of tax return.

5

Based upon Plaintiff's continued noncompliance with the discovery process, and despite Defendants' repeated good faith efforts to resolve these issues amicably, Defendants are left with no choice but to file the instant Motion. Defendants have incurred significant costs and legal fees, which continue to accrue, as a result of Plaintiff's dilatory tactics. Accordingly, Defendants request that the Court order Plaintiff to respond to the discovery requests at issue and award Defendants their fees and costs in connection with filing this Motion.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. PLAINTIFF SHOULD BE COMPELLED TO PRODUCE DOCUMENTS SHE IDENTIFIES AND AGREES TO PRODUCE IN HER DISCOVERY RESPONSES.

Plaintiff identifies documents in her responses to Interrogatories 7 and 9 and Document Requests 4, 5, 6, 7, 12, 16, 17, and 20 that she has not produced. Defendants specifically instruct how Plaintiff should "identify" a document in her responses and specifically inform Plaintiff that attaching a copy of her identified documents satisfied compliance of the discovery requests. Despite listing documents in her responses to Interrogatories 7 and 9, and Document Requests 4, 5, 6, 7, 12, 16, 17, and 20, Plaintiff has yet to produce a single document or give

any explanation for her failure to do so.[4]  As such, Defendants request this Court order Plaintiff to produce documents she herself has admitted and agreed are within her possession and that she would produce.

### A. Plaintiff Herself Admits and Agrees She Has Certain Documents in Response to Defendants' Discovery Requests.

Plaintiff admits to maintaining documents responsive to two interrogatories and eight requests for production of documents yet has not produced a single document.  In response to Interrogatories 7 and 9, Plaintiff lists documents in lieu of responding to these interrogatories yet fails to attach any document whatsoever. *See* Exhibit F, Plaintiff's Responses to Defendants' First Interrogatories, pp. 5-6.  Specifically, in response to Interrogatory 7 requesting identification of all notes, diaries, and other such documentary evidence Plaintiff maintained during her employment regarding the allegations of this lawsuit, Plaintiff states "Journals ledgers (sic), typed documents, phone messages, text messages, pictures, schedules, memos, letters, and calendars."  *See id.*, p. 5.  Additionally, in response to Interrogatory 9 requesting identification of previous employers, previous salary information and other such data, Plaintiff states "Refer to tax returns, eligible for

---

[4] Defendants have itemized Plaintiff's staggering **twenty** discovery response deficiencies in Defendants' Rule 37 Good Faith Discovery Letter and have incorporated by reference said letter as well as Defendants' First Interrogatories, Defendants' First Document Requests, and Plaintiff's responses hereto given the length of each.  See Exhibits A, B, F, and G.

rehire with all previous employers, except MHM, resume attached also." *See id.* at p. 6.  Yet, Plaintiff failed to attach these specified documents, or any other document for that matter.[5]

Further, in response to Document Request 20 seeking all documents identified in response to the Interrogatories, Plaintiff states "[n]o documents were identified in Plaintiff's Responses to Defendants First Interrogatories."  This is simply not true based on Plaintiff's responses to Interrogatories 7 and 9 wherein Plaintiff herself specifically referred to documents that she possesses.  As such, Plaintiff should be ordered to produce those documents she purports to have sent but has in fact not done so.

### B. Defendants Have Yet to Receive a Single Document from Plaintiff that Plaintiff Has Agreed to Produce.

Similarly, in response to seven Document Requests, specifically 4, 5, 6, 7, 12, 16, and 17, Plaintiff states "All documents responsive to this request will be produced at a mutually convenient date and time."  *See* Exhibit F, Plaintiff's Responses to Defendants' First Request for Production of Documents, pp. 2-6. Defendants have at all times been available to receive those documents and requested an opportunity to inspect and copy the documents in lieu of Plaintiff

---

[5] As previously noted, Plaintiff also has yet to execute a request for copy of tax return as requested by Defendants.

producing a copy to Defendants of the same.  *See* Exhibit G, Good Faith Letter p. 4; Exhibit H, June 7, 2012, 7:04 p.m. Email Chain FW: Cheryl Rease v. MHM - follow up to 5/25/12 Good Faith Discovery Letter.  Plaintiff has not given an explanation as to why she has not yet produced these documents or provided defense counsel with an opportunity to inspect and copy the documents.  In the spirit of cooperation, Defendants have given Plaintiff ample opportunities to supplement these responses and produce the documents without judicial intervention but to no avail.  Accordingly, Defendants request this Court order Plaintiff to produce these documents.

## II. PLAINTIFF SHOULD BE COMPELLED TO SUPPLEMENT HER DISCOVERY RESPONSES AND RESPOND TO THE NARROWLY TAILORED DISCOVERY REQUESTS.

Plaintiff also fails to respond to certain Interrogatories in accordance with the Federal Rules of Civil Procedure and Defendants' specific requests.  It appears that rather than answering Interrogatories 2, 3, and 8 with information requested, Plaintiff only answers certain portions of those Interrogatories with her own speculation and supposition without objection or explaining the rationale for providing deficient partial answers.  A party may not simply provide a partial response to a discovery request without objecting or providing an explanation for

doing so. Therefore, Defendants request this Court order Plaintiff to respond fully and in writing to Defendants' Interrogatories 2, 3, and 8.

### A. Plaintiff May Not Answer an Interrogatory in Contravention of The Stated Request.

Plaintiff's alleged response to Interrogatory 2, dense as it may be, does not in fact respond to the requested Interrogatory but rather provides Plaintiff's own speculation. In response to Interrogatory 2 requesting information pertaining to the communications Plaintiff had with certain specified individuals that "referenced, referred to, or otherwise related to the allegations in the Amended Complaint," including the date and specific details, Plaintiff instead provides a ten-page witness list denoting 57 individuals with information Plaintiff purports those individuals have. *See* Exhibit F, Plaintiff's Responses to Defendants' First Interrogatories, pp. 11-21. Plaintiff fails to identify a single communication with any of these 57 individuals nor does she provide specific details the individual has knowledge of but rather evinces Plaintiff's conjecture as to what she thinks those individuals have knowledge.

While purporting to respond to Interrogatory 2, Plaintiff instead merely names 57 individuals and speculates as to general subjects on which they may be called to testify. Given Defendants' carefully tailored request, Plaintiff should be

compelled to supplement her response in accordance with Defendants' request and the Federal Rules of Civil Procedure.

### B. Plaintiff May Not Cherry Pick the Discovery Requests and Only Partially Answer Without Objection or Explanation.

Plaintiff also admittedly responds to Interrogatories 3 and 8 but with incomplete answers without raising objection or providing a justification for doing so, which is not permissible as Rule 37(a)(4) treats partial answers as a total failure to respond. Specifically, Interrogatory 3 requests, among other things, an itemization and computation of damages. *See* Exhibit A, Defendants' First Interrogatories, p. 8. Plaintiff further has a duty to disclose that itemization and computation of damages in her initial disclosures pursuant to Rule 26(a)(1)(A)(iii). To date, Plaintiff has failed to provide any damage calculations whatsoever. Indeed, in her discovery responses, Plaintiff instead opines about her claims and makes general references to certain damages she expects to recover. Plaintiff is obligated to supplement her incomplete response accordingly with an itemization and computation of damages.

Further, in response to Interrogatory 8 requesting information as to each expert she may call as a witness at trial, Plaintiff states "[a]t this time Plaintiff has not retained any expert witness." First, the Interrogatory does not seek information about *retained* expert witnesses but rather *any* expert she may call as a witness at

trial. Second, Plaintiff's claim that she has not retained a witness is disingenuous in light of her response to Interrogatory 2, which enumerates ten pages of 57 witnesses. In that list, Plaintiff separates those 57 individuals into four categories, including "Expert Witness." *See* Exhibit F, Plaintiff's Responses to Defendants' Interrogatories, p. 11. Of those 57 individuals, Plaintiff denotes 50 individuals as "Expert Witnesses." *See id.*, pp. 11-21. Therefore, Plaintiff should supplement her response to Interrogatory 8 accordingly.

### C. Plaintiff Should Be Ordered to Respond to Defendants' Narrowly Tailored Discovery Requests.

Notwithstanding Plaintiff's failure to respond to the Interrogatories as requested, Plaintiff may not fulfill her discovery obligations by providing frivolous speculation and conjecture in response to Interrogatories 2, 3 and 8. This is especially troublesome given that Defendants deliberately crafted specific requests so that Plaintiff would respond in kind with the information requested. As such, Defendants request this Court order Plaintiff to respond in compliance with Defendants' specific discovery requests.

### III. PLAINTIFF SHOULD BE COMPELLED TO RESPOND TO DISCOVERY RESPONSES WHERE SHE HAS NOT RAISED ANY VALID OBJECTIONS AND DID NOT RESPOND.

Plaintiff lastly fails to respond to seven discovery requests, specifically Interrogatories 10, 11 and 12 and Document Requests 3, 15, 18, and 19, but instead

raises meritless objections for no other purpose but to stonewall the discovery process. In sum, Plaintiff objects to each of these discovery requests on the basis that, *inter alia*, they are not designed to lead to "*admissible* evidence," are "overboard and vague," and seek information already available to Defendants. Plaintiff's contentions are disingenuous and unwarranted. Having raised no other arguments, Plaintiff should be compelled to respond to those discovery requests.

### A. Defendants' Discovery Requests Seek Relevant Information.

Plaintiff raises frivolous and unwarranted "objections" in nothing more than an attempt to prolong the discovery process to benefit Plaintiff and her attorney. Interrogatories 10, 11 and 12 request information pertaining to Plaintiff's personal electronic devices; credit cards, debit cards, and ATM cards used during the timeframe at issue; and information pertaining to her internet service providers, respectively. Plaintiff alleges that, in addition to not leading to "any admissible evidence," such information is confidential and that the information is available to Defendants. Plaintiff provided no responses with these objections.

Document Requests 3, 5, 15, 18, and 19 seek documents relating to, consisting of, or referring to: (1) documents in Plaintiff's possession that she created in the course of her employment or documents that came into her possession as a result of her employment with MHM; (2) documents evidencing

13

any communication between Plaintiff and anyone regarding this lawsuit and/or the allegations contained in the First Amended Complaint; (3) any and all documents demonstrating or reflecting Plaintiff's activities during working and non-working hours covering the time period at issue in this lawsuit; and (4) all personal emails and text messages sent or received by Plaintiff during the relevant time period. Plaintiff alleges that, in addition to not leading to "any admissible evidence," the requests are "irrelevant, vague and overbroad" and "impossible to respond to."

### B.   Plaintiff Has Failed to Raise Any Valid Objections or Responded in Any Way and Should be Compelled to Supplement.

Plaintiff's "objections" and failure to respond to Defendants' discovery requests are insincere and are only meant to drag out discovery in this case.  As an initial matter, Plaintiff's objection that the discovery requests are not designed to "lead to admissible evidence" is misguided.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the "[p]arties may obtain discovery regarding the nonprivileged matter that is relevant to any party's claim or defense…." *See also Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Canal Auth. v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979).  Further, "[r]elevant information **need not be admissible at trial if the discovery appears reasonably calculated to lead to the**

**discovery of admissible evidence**" (emphasis added).  *See also Dunbar v. U.S.*, 502 F.2d 506 (5th Cir. 1974).  As such, Plaintiff's objection is without merit.

Plaintiff's objection is further disingenuous because Plaintiff herself lists "[j]ournals ledgers, typed documents, **phone messages**, **text messages**, pictures, schedules, memos, letters, and calendars" in response to Interrogatory 7, which as discussed above, have yet to be produced (emphasis added).  Yet, Plaintiff now objects to producing those same documents in response to Interrogatory 18.  Plaintiff's own inconsistencies demonstrate the fallacy of her objection.

Moreover, Interrogatories 10, 11 and 12, and Document Requests 3, 5, 15, 18, and 19 seek information relevant to the claims asserted by Plaintiff and the defenses raised by Defendant.  Plaintiff has no factual basis for asserting that this information is available to Defendants.  Despite raising these objections, Plaintiff has made no effort in good faith, or any effort for that matter, to produce any documents that she claims she possesses in support of her claims.  That Plaintiff is simply fabricating objections without any basis further emphasizes the frivolity of her assertions and her attempts to protract the discovery process wasting resources of Defendants and this Court.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed

issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *Regions Bank v. Beemer & Assocs*, No. 3:10-cv-576-J-99TJC-MCR, 2011 WL 1575379, at *1 (M.D. Fla. Apr. 26, 2011) (citing *U.S. v. Procter & Gamble, Co.*, 356 U.S. 677, 682 (1958)). However, this information must be received in a **timely** manner. *Erickson v. Hunter*, 932 F. Supp. 1380, 1384 (M.D. Fla. 1996) (emphasis added).

To assist in their preparation of and potentially trial of Plaintiff's alleged FLSA, Title VII, intentional infliction of emotional distress, and defamation claims, MHM is entitled to know about non-privileged communications between Plaintiff and anyone with whom she has discussed this lawsuit and/or the allegations. MHM is also entitled to discover documentary evidence establishing Plaintiff's whereabouts and activities in a case alleging violations of the FLSA where such evidence will indeed support or discredit Plaintiff's claims. As such, Defendants request this Court order Plaintiff to respond to and produce documents she has admitted she possesses in response to Interrogatories 10, 11, and 12, and Document Requests 3, 15, 18, and 19.

**IV.      Plaintiff Should Be Ordered to Pay Defendants' Costs and Fees Associated with this Motion to Compel Pursuant to the Federal Rules.**

Plaintiff's actions eschewing her discovery obligations and blatantly ignoring Defendants' attempts in good faith to resolve these issues without Court

intervention have forced Defendants to file the instant Motion.  Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that "[i]f the motion to compel is granted—or if the disclosure or requested discovery is provided **after** the motion was filed—the court **must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees" (emphasis added).  Thus, a court **must** impose attorneys' fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery.  *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997).  Substantially justified means that reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 585 (1988).

Here, the actions of Plaintiff have been nothing but attempts to avoid complying with her discovery obligations.  Plaintiff has objected to, refused to answer, or evasively offered incomplete responses to **twenty** of Defendants' discovery requests despite having had more than six months to respond to Defendants' discovery requests.  Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  Further, Plaintiff's "objections" and refusals to respond or

17

produce documents are not substantially justified as there is simply no showing that reasonable people could differ as to the appropriateness of her actions. For instance, referring Defendants to documents without even sending the documents is anything but reasonable. Additionally, raising "objections" that are clearly without merit in light of the Federal Rules and the overall discovery process are also unreasonable. Accordingly, Defendants are entitled to an award of their costs and attorneys' fees incurred in seeking Court intervention to resolve these discovery disputes.

## **CONCLUSION**

For these reasons set forth above, Defendants respectfully request that the Court orders Plaintiff to respond to the discovery requests at issue and award Defendants their fees and costs in connection with filing this Motion.

Respectfully submitted this June 26, 2012.

/s/ *Natasha L. Wilson*
GREENBERG TAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305

Todd D. Wozniak, Georgia Bar No. 777275
Tel. (678) 553-7326
Fax (678) 553-7327
*wozniakt@gtlaw.com*

Natasha L. Wilson, Georgia Bar No. 371233
Tel. (678) 553-2182
Fax (678) 553-2183
*wilsonn@gtlaw.com*

**ATTORNEYS FOR DEFENDANTS
MHM CORRECTIONAL SERVICES INC. AND
WILLIAM BRICKHOUSE, PH.D.**

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B**

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

/s/ *Natasha L. Wilson*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERYL REASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 1:11-CV-03513-RLV |
| MHM CORRECTIONAL SERVICES ) | |
| INC. AND WILLIAM ) | |
| BRICKHOUSE, Ph.D., an individual, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy of the DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL WRITTEN DISCOVERY to all counsel of record identified via Notices of Electronic Filing generated by CM/ECF:

> Clifford H. Hardwick
> Roswell Professional Park
> 11205 Alpharetta Highway, Suite E-1
> Roswell, GA  30076

This 26th day of June, 2012.

/s/ *Natasha L. Wilson*